Ethel S. Hickey v. Commissioner.
Hickey v. Commissioner
Docket No. 47478.
United States Tax Court
T.C. Memo 1955-149; 1955 Tax Ct. Memo LEXIS 190; 14 T.C.M. (CCH) 546; T.C.M. (RIA) 550149; June 13, 1955
*190 John E. Hughes, Esq., 105 West Adams Street, Chicago, Ill., for the petitioner. Harold W. Vestermark, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax against petitioner in the amount of $4,086.51 for 1949. No oral testimony was offered at the hearing. It appeared that petitioner is an elderly woman, under a doctor's care, and could not attend the hearing. The parties filed a stipulation which, in its entirety, is as follows: "1. Annexed hereto as Exhibit A is a true and correct copy of the income tax return signed by petitioner. "2. If petitioner were called as a witness she would testify that the facts alleged in her petition are true and also that all the gross income involved was that of her husband. "3. Petitioner signed and filed no other income tax return for the taxable year 1949." The pertinent facts alleged in the petition are as follows: "(a) On or about March 15, 1950, James H. Hickey, severely ill from chronic congestive heart failure from which he died March 22, 1950, completed his individual 1949 tax return and told the petitioner, his wife, who had no 1949 individual *191 income, to affix her signature thereon. Being under doctor's orders to comply with her husband's wishes and being ordered under no circumstances to excite him or argue with him, petitioner affixed her signature on the return. * * *
"(d) The entire gross income involved in this case was that of petitioner's late husband, James H. Hickey, a lawyer." We find these facts to be true. Petitioner contends that she did not voluntarily sign the return which is the basis for the present proceeding and that she therefore cannot be held liable for the tax upon the income of her husband for the year in question. Although the record is skimpy, we agree with her position. We think that the signing of the return in the circumstances disclosed was not petitioner's voluntary act and we so find as a fact. The facts here are to be distinguished from the situation present in , where we concluded that the wife's signatures on the four returns in question were her voluntary, although perhaps distasteful, acts. We found in the Ayesworth case that, notwithstanding the domestic frays that may have occurred at about the time of signing at least *192 one or two of the returns in question, the wife's signature was in fact the result of a choice that she deliberately made. We think that the facts in the present case point in the opposite direction. In view of the conclusion that we have reached, it becomes unnecessary to consider any of the other issues raised. Decision will be entered for the petitioner.